## WM. SIMPSON ET AL. v. W. W. BROTHERTON.

SUPREME COURT, AUSUIN TERM, 1884.

*Husband and Wife—Community Property.*—The relation of husband and wife to-ward the community property, is that of a partnership.   The business of the firm is transacted in the name of the husband, and he prosecutes and defends its suit, with the same effect as if his partner were named in the case.

*Same—Evidence.*—In a suit by the husband, in his own name, affecting the com-munity property, the wife, though not named in the record, is a "party to the suit" within the rule excluding evidence as to transactions with deceased persons.

*Evidence.*—That a witness cannot speak with certainty, as to what a deceased person had said, does not prevent him from giving his best recollection.   The cred-ibility of his evidence is for the jury to determine.

Appeal from Fannin county.

The facts which Mrs. Brotherton was called upon to prove were such as could not have been testified to by any parties to the suit. But it is contended that Mrs. Brotherton was not a party to the pro-ceedings, and hence, the rule by which such evidence is excluded

did not apply to her. It is true, that her name does not appear among the parties to the proceedings, but her husband's name does, and as such party he was representing the community interests of himself and wife. The object of the suit brought by the husband was to secure for the community estate a tract of land, and if he was successful the wife would share equally with him in the profits of the judgment. In fact, as to the immediate results of the judgment, they stood upon an equality, and she was to be affected by it in the same manner with himself, and there was not a particle of difference between their relations to the suit, produced by the fact that his name was used as a party and hers was not.

Our courts treat the relation of husband and wife toward the community property as that of a partnership. The business of the firm is transacted in the name of the husband, and he prosecutes and defends its suits with the same effect as if his partner were named in the case. Judgments in such suits bind both partners, or accrue to their joint benefit if in their favor. In fact, the wife is as much a party as if the record recited that the husband instituted or defended the suit for the use and benefit of himself and wife. Having all the attributes of a party, she must be treated as such, and must be excluded from testifying whenever her husband and partner could not be admitted to the witness stand.

This court had occasion to pass upon the construction sought to be given to the word "party," by counsel for appellee, in the case of Hodde v. Susan, 58 Tex., 389, when the question was as to the disqualification of a judge when a person directly interested in a suit though not a nominal party thereto, was related to him within the prohibited degrees.

We then said: "A narrow or contracted construction of the word 'party,' which confines it to the very person named on the docket as such, and excludes such as stand in precisely the same relation, would often defeat the end had in view of having justice impartially administered, free from the bias and influence produced by the interest held in the cause by the judge or his relatives."

So, the object of the act excluding parties from testifying as to transactions with deceased persons would be defeated, by allowing one to testify to such transaction who was as fully interested in the result of the suit as any of the persons named as parties upon the record.

Our Revised Statutes require that their provisions shall be liberally construed, with a view to effect their objects and to promote justice, and before their passage, this court had applied such construction to the particular provision now under consideration.

In the case of Runnels v. Belden, 51 Tex., 43, it held that, when a party to a suit had testified by depositions, and died, and his executor had been made party in his place, it was error to exclude the testimony of the other party on the trial touching the acts and declarations of the deceased, about which the deceased had testified in his depositions. The strict letter of the statute prohibited the testimony; but, as the dead plaintiff had been allowed to speak in evidence, as it were, from the grave, the court said the living defendant should also be allowed to testify. This was an interpretation of the statute according to its spirit and intention, and not according to its letter, and, giving such a construction in the present instance we think the court erred in not excluding the testimony of the wife.

The objection to the competency of the witness Galheth's testimony was not well taken. The fact that he could not speak with certainty as to what Brotherton had said, did not prevent him from giving his best recollection. If he had doubts about the correctness of his meaning, or could detail only portions of the conversation, this would not exclude what he could undertake to state, although it was his mere impression of what had been said. But the jury might have taken these facts into consideration in passing upon the credibility of his evidence. (Grevnl. on Ev., Sec, 440; Seening v. Booth, 28 Texas, 118).

There is nothing in any of the other objections taken to the judgment; but, for the error stated, it must be reversed and the cause remanded. Willie, C. J.